

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY LASHAWN JOHNSON | CIVIL ACTION |
| VERSUS | NO.   00-0220 |
| MORGAN CITY JAIL, ET AL | SECTION "B" (4) |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit Proposed Findings and Recommendations for disposition pursuant to **Title 28, United States Code, Sections 636(1)(B) and (C)**, and as applicable, **42 U.S.C. § 1983**. Upon review of the entire record, the Court has determined that this matter can be disposed of without conducting an Evidentiary Hearing.

### I.   Background

On January 14, 2000, Timothy Johnson, a pretrial detainee, filed suit against the Morgan City Jail, the Parish of St. Mary, and Judge Kim Stansbury, a City Court Judge in Morgan City. Johnson contends that his rights are being violated because of inadequate medical treatment, lack of recreation, cold food, and confinement to the jail for 23 hours and 45 minutes per day.

1

DATE OF MAILING  MAY - 1 2000
DATE OF ENTRY
MAY - 1 2000

Johnson requests $180,000 for the damages. He further requests that a new staff and judge be assigned to the jail. Finally, Johnson requests that the prison officials clean the jail. *See* Complaint at ¶ IV(A), p.4.

## II. <u>Analysis</u>

### A. <u>Frivolous Claim & Judicial Immunity</u>

Judge Kim Stansbury, City Judge of Morgan City was sued by Johnson. Johnson, however, does not expressly set forth any allegations against Judge Stansbury. He simply requests that another judge be placed in the position of Stansbury.

An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).

In doing so, the court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *see also Macias v. Raul A. (Unknown), Badge No.* 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); *see Booker*, 2 F.3d at 116. To the extent that the plaintiff names Judge Kim Stansbury as a defendant, the plaintiff's allegations lack a basis in law

and should be dismissed as frivolous.[1] Further, to the extent that Johnson's claims against Judge Stansbury arise out of her actions while presiding as a city court judge, she is immune from a suit.

### B. Jail Conditions Claim

Johnson, also asserts a claim against the Morgan City Jail and the Parish of St. Mary in which he complains about the conditions of his confinement. He contends that these two defendants are violating his rights because he is served cold food, receives inadequate medical treatment, and confined for 23 of 24 hours per day.

It is well settled that prison officials may be held liable under the Eighth Amendment for denying humane conditions of confinement if they know that inmates face substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994). In order to establish an Eighth Amendment claim premised on conditions of confinement, the plaintiff must demonstrate both (1) that he was deprived of basic human needs and (2) the deprivation was the result of "deliberate indifference" by prison officials. *Farmer v. Brennan*, 114 S. Ct. at 1977; *Wilson v. Seiter*, 501 U.S. at 304, 111 S. Ct. at 2327.

In *Wilson*, the Supreme Court adopted the deliberate indifference standard for Eighth Amendment claims involving conditions of confinement. Under this standard "courts considering a prisoner's claim must ask both if the defendants acted with a sufficiently culpable state of mind

---

[1] The Court must liberally construe a *pro se* civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

3

and if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1,8, 112 S. Ct. 995, 999, 117 L. Ed.2d 156 (1992). The Supreme Court has noted that "the Constitution does not mandate comfortable prisons," and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of (a constitutional) violation." *Wilson v. Seiter* at 298.

In this case, Johnson has not asserted a claim against any prison official. He sued only the Morgan City Jail. *Brooks v. Pembroke*, 722 F. Supp. 1294 (E. D. N.C. 1989). Further there are no specific allegations asserted against the Parish of St. Mary. In light of the factual allegations asserted by Johnson and the fact that he has failed to assert a claim against a prison official as required by 42 U.S.C. § 1983, the Court concludes that the claims against the Morgan City Jail and St. Mary Parish fail to state a claim for which relief can be granted.

### III. Recommendation

It is therefore **RECOMMENDED** that:

(1)  Johnson's § 1983 claims against the **Morgan City Jail and St. Mary Parish** be **DISMISSED WITH PREJUDICE** as legally frivolous.

(2)  Johnson's § 1983 claims against **Judge Kim Stansbury** be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c).

A party's failure to file written objections to the Proposed Findings, Conclusions, and Recommendation in a Magistrate Judge's Report and Recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the Unobjected-to Proposed Factual Findings and Legal Conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 27th day of April, 2000.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE